JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-800 PA (JDEx) | Date | April 23, 2025 |
|---|---|---|---|
| Title | Briana White v. HUB International Limited | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

  Defendant Hub International Limited, erroneously sued as Hub International Midwest Limited dba HUB International Limited ("Defendant") filed a Notice of Removal on March 27, 2025. Defendant alleges that this Court possesses diversity jurisdiction over this action filed by plaintiff Briana White ("Plaintiff") pursuant to 28 U.S.C. § 1332(a). On April 4, 2025, the Court held a video conference hearing to determine whether diversity jurisdiction over this action exists. During the status conference, Defendant asked for an opportunity to provide further briefing and evidence to support the sufficiency of the Notice of Removal's allegations concerning Plaintiff's California citizenship. The Court provided the parties with an opportunity to file Supplemental Briefing and has now considered the Supplemental Briefs and supporting evidence and concludes, for the reasons stated below, that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-800 PA (JDEx) | Date | April 23, 2025 |
|---|---|---|---|
| Title | Briana White v. HUB International Limited | | |

state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In the Notice of Removal, Defendant alleges:  "At the time she commenced the State Court Action on February 7, 2025, Plaintiff resided in the State of California.  (Cole Decl., ¶ 2, Exh. A, ¶ 1 ['Plaintiff is, and at all relevant times herein has been, an individual residing in Riverside County, California.'].)  Therefore, Plaintiff is a citizen of California."  (Notice of Removal ¶ 11.)  As the Notice of Removal alleges, Defendant's support for its allegation concerning Plaintiff's citizenship relies on Paragraph 1 of the Complaint, which alleges that Plaintiff "is, and at all relevant times herein has been, an individual residing in Riverside County, California."  (Compl. ¶ 1.)  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegation concerning the citizenship of Plaintiff, based only on an allegation of residence, is insufficient to plausibly allege Plaintiff's citizenship.[1/]  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  The Ninth Circuit

---

[1/]   The Notice of Removal, relying on Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986), also asserts that "[r]esidency, as pleaded in a state court complaint, can create a rebuttable presumption of domicile supporting diversity of citizenship."  (Notice of Removal ¶ 10.) But Lew was originally filed in federal court, and therefore does not support Defendant's contention that a plaintiff's state court complaint's allegation of residency creates a rebuttable presumption of domicile for purposes of removal.  The other case on which Defendant relies for this rebuttable presumption, State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 519 (10th Cir. 1994), was similarly originally filed in federal court.  Moreover, the Ninth Circuit, in the context of a Class Action Fairness Act removal — where the statute is not strictly construed against removal — has noted that "[i]t does not appear that this circuit has yet adopted this presumption" that residence is prima facie evidence of domicile.  Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-800 PA (JDEx) | Date | April 23, 2025 |
|---|---|---|---|
| Title | Briana White v. HUB International Limited | | |

is clear that residency is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode. See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). As a result, Defendant's allegations related to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

Defendant's Supplemental Brief provides additional information about Plaintiff's California address in 2021, when she applied for her position with Defendant, and California addresses Plaintiff used from then through July 2024 when Defendant terminated Plaintiff's employment. Defendant's Supplemental Brief confusingly states:

> Following Harris [v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005)], the Ninth Circuit's Lew decision added a finer point on the matter of an individual's domicile in the context of a diversity action. In Lew, plaintiff-appellant removed his California state court action to the Central District of California after obtaining judgment against defendant-appellee. Lew v. Moss, 797 F.2d 747, 748 (9th Cir. 1986).

(Defendant's Supplemental Brief at 3:1-4.) But as the dates of Harris and Lew indicate, Lew was decided in 1986, and Harris in 2005, so Lew did not "follow" Harris or add to it. Also, as the Court has already explained, Lew was not a removal case as Defendant describes, but "Lew filed the present diversity action" in federal court. 797 F.2d at 748.

Plaintiff's Supplemental Brief asserts that Defendant "has failed to establish Plaintiff's domicile. Specifically, Defendant has failed to show intent in Plaintiff's domicile on where she intends to remain . . . . Plaintiff merely having a bodily presence as an inhabitant in California does not show intent to also make it her domicile." (Plaintiff's Supplemental Brief at 3:17-21; see also id. at 3:23-24 ("Defendant has failed to address Plaintiff's domiciliary intent, both at the time the action was filed and at the time of removal.").) Plaintiff therefore seeks to have the Court remand the action to the Riverside County Superior Court.

The Court agrees with Plaintiff that Defendant has not met its burden to establish Plaintiff's domicile as opposed to her residence. The Court therefore concludes that Defendant has not satisfactorily supported the Court's exercise of subject matter jurisdiction over this

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | EDCV 25-800 PA (JDEx) | Date | April 23, 2025 |
|---|---|---|---|
| Title | Briana White v. HUB International Limited | | |

action and grants Plaintiff's Motion to Remand. Accordingly, this action is hereby remanded to Riverside County Superior Court, Case No. CVRI2500725, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.